## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

07MJ2683

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br>vs.<br>Dale STAMPER,<br>Oscar Eduardo PRUDENCIO-Cueva, and<br>Hugo Israel RODRIGUEZ-Arzate,<br>Defendants | Magistrate's Case Number:<br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, United States Code Section 1324(a)(1)(A)(ii) – Transportation of illegal aliens;<br>Title 18 United States Code Section 2- Aiding and Abetting |

The undersigned complainant being duly sworn states:

That on or about November 15, 2007, within the Southern District of California, defendants Dale STAMPER, Oscar Eduardo PRUDENCIO-Cueva, and Hugo Israel RODRIGUEZ-Arzate did knowingly and in reckless disregard of the fact that certain individuals, namely Jose MARRON-Rubio, Juan VALDERRAMA-Ortiz, Leonardo BUENRUSTRO-Torres, Yesenia TORRES-Magana, and Abel VALDERRAMA-Ortiz had come to or remained in the United States in violation of law, did transport said individuals in furtherance of said violation of law, in violation of 8 United States Code Section 1324(a)(2)(A)(ii), and aided and abetted said transportation, in violation of 18 United States Code Section 2.

The complainant states that this complaint is based on the attached statement of facts, incorporated herein by reference.

John Chakwin, III, Special Agent

Sworn to before me and subscribed in my presence this ____ day of _____, 2007.

UNITED STATES MAGISTRATE JUDGE

C∑M

**United States of America**
                    **VS.**
**Dale STAMPER,**
**Oscar Eduardo PRUDENCIO-Cueva,**
**Hugo Israel RODRIGUEZ-Arzate**

## STATEMENT OF FACTS

These facts are based on my personal participation in this investigation and on written statements received from other law enforcement officers. I submit that the facts contained in this statement demonstrate that probable cause exists to believe that the Defendants named in the attached complaint committed the crimes charged in the complaint.

The complainant states that Leonardo TORRES-Buenrostro, Abel VALDERRAMA-Ortiz, and Jose Juan MARRON-Rubio are citizens of Mexico; therefore deportable. The aforementioned individuals' testimony is material and it is impracticable to secure their attendance at trial by subpoena; and are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 15, 2007, at approximately 0015 hours, while on routine marine patrol, Customs and Border Protection (CBP) Marine Interdiction Agents (MIA) identified a small vessel (CF 3015 NA), approximately nineteen (19) feet in length, moving in a northerly direction with no navigational lights. CBP MIAs approached the vessel and observed six individuals onboard. CBP MIAs commanded the vessel to halt, and boarded the vessel, taking the driver Dale STAMPER and five (5) other passengers into custody. CBP MIAs immediately identified the vessel as a potential migrant smuggling vessel, and began to question all onboard about their citizenship. The driver, Dale STAMPER, identified himself as a United States Citizen, while all others onboard claimed to be citizens of Mexico. STAMPER told CBP MIAs that he had traveled from a location south of the United States and Mexican border. STAMPER and the five Mexican citizens were arrested and CBP MIAs seized the vessel. STAMPER and the five (5) Mexican Citizens were all transported to the San Ysidro, CA Port of Entry (POE) for further questioning. During transport, STAMPER's phone began to "chirp" (Nextel Direct Connect feature). S/A Levan responded under the ruse of being STAMPER with a stalled vessel. The unidentified male that was attempting to contact STAMPER told S/A Levan (acting as STAMPER) to bring the vessel into Mission Bay, where there would be a transport van awaiting his arrival.

Over the next few hours, S/A Levan (acting as STAMPER) communicated with this unidentified male on STAMPER's Nextel. The unidentified male changed rendezvous locations twice. Finally, the unidentified male told S/A Levan (acting as STAMPER) that he was to travel south and meet the transport vehicle in

Pepper Park in National City, CA. At approximately 0600 hours, the unidentified male that had been talking to S/A Levan (acting as STAMPER) contacted S/A Levan and informed him that there were two individuals in the bathroom at Pepper Park that he was to meet. The unidentified male added that the two males would contact the transport vehicle once S/A Levan (acting as STAMPER) met with them. ICE Marine Task Force (MTF) Agents located and contacted the two males at the Pepper Park restroom, later identified as Oscar Eduardo PRUDENCIO-Cueva and Hugo Israel RODRIGUEZ-Arzate. PRUDENCIO and RODRIGUEZ admitted that they were in the United States illegally. S/A Levan (acting as STAMPER) told the unidentified male he had been speaking with throughout the evening that he had arrived and inquired about the location of the two (2) males that he was told would be at the bathroom. The unidentified male told S/A Levan (acting as STAMPER) that the guys should be there. Shortly after S/A Levan's (acting as STAMPER) contact with the unidentified male, RODRIGUEZ's phone "chirped" and the same unidentified male that S/A Levan had been speaking with all night inquired where RODRIGUEZ was and told RODRIGUEZ he should be near the bathroom. MTF Agents arrested PRUDENCIO and RODRIGUEZ. Incident to arrest, both RODRIGUEZ's and PRUDENCIO's phones were found to contain the same number to the unidentified male that S/A Levan (acting as STAMPER) had been speaking with throughout the course of the evening. Both PRUDENCIO and RODRIGUEZ were transported to the San Ysidro, CA Port of Entry (POE) for questioning.

PRUDENCIO told MTF Agents Post-Miranda that he had been told by smugglers to either pay $1,800.00 (a previous smuggling debt he incurred) or help smuggle a load for them. PRUDENCIO added that he was provided a cell phone by his smugglers and was given instructions to report to a beach on November 14, 2007 to help receive an alien load. PRUDENCIO noted that one of his smugglers informed him that a vessel will be arriving at the marina, and he was to help the aliens get into a transport vehicle.

Post-Miranda warning, RODRIGUEZ admitted to ICE S/As that he was approached by an individual named Raul in Tijuana, Mexico and told that he would be able to smuggle him into the United States. RODRIGUEZ stated that he had arrived in the United States on November 14, 2007 and was told by his smugglers to assist in receiving alien loads. RODRIGUEZ said that he was brought to the marina and told to wait near the bathrooms because there was an alien load arriving soon.

After interviewing the five (5) Mexican citizens that were onboard the vessel piloted by STAMPER, it was determined that Leonardo TORRES-Buenrostro, Abel VALDERRAMA-Ortiz, and Jose Juan MARRON-Rubio should be held as material witnesses due to their statements made to ICE S/As during questioning. TORRES, VALDERRAMA, and MARRON all provided statements that indicated STAMPER as the boat driver. TORRES, VALDERRAMA, and MARRON all stated that they were paying $3,500.00 or $4,500.00 each to be smuggled into

CEM

the United States.

ICE S/As provided STAMPER with the option to retain any and/or all witnesses if he felt that their testimony would be favorable to him. STAMPER declined to retain any of the individuals on the vessel with him as a witness.

STAMPER, PRUDENCIO, and RODRIGUEZ were all arrested for violating Title 8 United States Code (USC), Section 1324(a).

TORRES, VALDERRAMA, and MARRON were all detained as material witnesses under 18 USC 3144..