KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6787

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> DALE STAMPER (1), ) <br> OSCAR EDUARDO ) <br>     PRUDENCIO -CUEVA (2), ) <br> HUGO ISRAEL ) <br>     RODRIGUEZ-ARZATE (3), ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | CRIMINAL CASE NO. 3:07-CR-3218JM <br><br> DATE:       January 7, 2008 <br> TIME:        11:00 a.m.. <br><br> GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT STAMPER'S MOTIONS <br><br> [1] TO COMPEL DISCOVERY; AND <br> [2] LEAVE TO FILE FURTHER MOTIONS. <br><br> TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS FOR: <br><br> (1) RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, hereby files its Response and Opposition to Defendant Dale Stamper's Motions for Discovery/Leave to File Further Motions.  The Government also hereby files its Motion for Reciprocal Discovery.  This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

## STATEMENT OF THE CASE

On November 28, 2007, the Government filed a six count indictment charging Dale Stamper ("Stamper" or "Defendant Stamper") (1), Oscar Eduardo Prudencio (2), and Hugo Israel Rodriguez-Arzate (3), with violating 8 U.S.C. § 1324(a)(2)(B)(ii), Bringing in Illegal Aliens for Financial Gain; Title 18 U.S.C. § 2, Aiding and Abetting; and Title 8 U.S.C., Sections 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting. On December 4, 2007, all defendants were arraigned on the Indictment and entered a plea of not guilty.

**II**

## STATEMENT OF FACTS

On November 15, 2007, at approximately 12:15 a.m., Customs and Border Protection (CBP) Marine Interdiction Agents (MIA) identified a vessel approximately 19 feet in length and bearing registration "CF 3015 NA" was moving in a northerly direction with no navigational lights. Agents approached the vessel and observed six people on board. Agents then commanded the vessel to halt, boarded the vessel. Agents immediately identified the vessel as a potential migrant smuggling vessel, and questioned all on board regarding their citizenship. Defendant Stamper identified himself as a United States citizen, while the remaining passengers claimed to be Mexican citizens. Stamper told the agents that he had traveled from a location South of the US/Mexico border. Agents thereafter seized the vessel and arrested Defendant Stamper and the other passengers.

Agents brought the vessel, Defendant Stamper, and the five passengers to the Marine Corps Recruit Depot (MCRD) to hand the case over to Immigration and Customs Enforcement (ICE) Marine Task Force (MTF) agents. After agent Levan arrived, he asked the CBP agents if Stamper had a cell phone. As he was handed the phone, it began to "chirp." Levan responded to the call under the ruse of being Stamper. Levan told the unidentified male on the phone that he was having fuel filter problems, was running late, and that he (the unidentified male) needed to pick a closer spot such as Mission Bay. The unidentified male told agent Levan (acting as Stamper) that it was no problem. The unidentified male then noted they would meet him in Mission Bay and to give them awhile to set up.

//

After several discussions and failed attempts to meet up, the unidentified male agreed to meet agent Levan (acting as Stamper) in the San Diego Harbor, Pepper Park, in National City.

At approximately 5:30 a.m., the unidentified male informed agent Levan that there were two spotters that would meet him once he arrived and he could find the spotters at the bathroom in the park. Approximately twenty minutes later, agent Levan witnessed a white Suburban pull into Pepper Park and drop off a Hispanic male. Agent Levan witnessed the Hispanic male meet up with another Hispanic male. Agent Levan observed both individuals walk the parking lot at Pepper park and then head towards the bathroom at the park. At approximately 6:00 a.m., Agent Levan contacted the unidentified male he had been speaking with and told him that he was ready to bring the boat into the park. The unidentified male told Agent Levan (acting as Stamper) that he was to dock the vessel, leave the people onboard, and meet with the two males that were located at the bathroom of the park. Agent Levan asked the unidentified male if he was sure the males were at the bathroom. The male responded that he was positive, since had just spoken with them. Agents thereafter made contact with the two males in the restroom, Hugo Rodriguez-Arzate and Oscar Prudencio-Cueva and queried them regarding their immigration status. Both admitted they were in the United States illegally. Rodriguez-Arzate and Prudencio-Cuevas were subsequently arrested. In subsequent interviews following a waiver of their Miranda rights, both admitted they were waiting to receive an alien smuggling load they were told was to arrive at the marina.

### III

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY

**1. Discovery in this Matter is Current**

To date, the Government has provided Stamper with 141 pages of discovery. The documents produced to date include, inter alia: (1) investigative reports; (2) Stamper's criminal history; (3) documents seized from Stamper's person; and (4) photographs taken during the investigation. . As of the date of this filing, the Government has received no reciprocal discovery.

The above covers most of Defendant Stamper's specific requests for discovery.

//

//

### 2.     **The Government Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

The United States has provided and will continue to provide information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

To the extent Stamper requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

### 3.     **The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, objects to Defendant's request to provide "all information" regarding drug use and drug or alcohol abuse treatment of "all potential witnesses." Such information is not discoverable under Rule 16, Brady,

Giglio, Henthorn, or any other Constitutional or statutory disclosure provision

The Jencks Act, 18 U.S.C. § 3500, requires that, after a United States witness has testified on direct examination, the United States must give the Defendant Stamper any "statement" (as defined by the Jencks Act) in its possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the United States is only required to produce all Jencks Act material after the witness testifies, the United States plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

Additionally, no witness who testified before the grand jury will testify at trial, so the United States does not anticipate that it will have to provide any of the Grand Jury transcripts to Defendant Stamper.

The United States has provided Defendant Stamper with the reports containing the names of the agents involved in the apprehension and interviews of Stamper. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the United States will provide defendants with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992).

The United States objects to any request that it provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial

"far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).  The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by defendants.  Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

Stamper is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The United States has no objection to the preservation of the handwritten notes taken by any of the United States' agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses).  However, the United States objects to providing Stamper with a copy of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).  The United States is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined under 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements

under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Stamper that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Stamper.

The United States will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

## IV

## NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant Stamper to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue

## V

## MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendant Stamper. To date Stamper has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant Stamper permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Stamper and which Stamper intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any

results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Stamper, which Stamper intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Stamper intends to call as a witness. Because the United States will comply with Stamper's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by the defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Stamper be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## VI

## CONCLUSION

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant Stamper's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: December 27, 2007.

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney


    *s/ Aaron B. Clark*
    AARON B. CLARK
    Assistant U.S. Attorney
    Email: aaron.clark@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 3:07-CR-3023-JM |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| JESUS JAIME HERNANDEZ-CUEVAS, ) | |
| Defendants. ) | |

IT IS HEREBY CERTIFIED THAT:

I, Aaron B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' **Response in Opposition to Defendant Stamper's Motion to Compel Discovery and Leave to File Further Motions, and Government's Motion for Reciprocal Discovery** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Rosaline Feral
   rferal@aol.com

2. Jodi Thorp
   jodithorp@thorplawoffice.com

3. Jack Boltax
   jbefile@gmail.com

4. Tamra DeHaan
   dehaanesq@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2007

    s/ *Aaron B. Clark*
    Aaron B. Clark